## Commonwealth ex rel. Stipe v. Anderson

*Melvin G. Levy*, for petitioners.

*Joseph F. Mulcahy, Jr.*, for respondents.

VAN RODEN, P. J. (Specially Presiding), November 18, 1964.—As a result of careful consideration of the testimony and other evidence produced by the parties in this litigation, the hearing judge has reached the following conclusions:

1. The two children who are the subject matter of this litigation are brother and sister, being six years

and five years of age respectively, and consequently, are of tender age and entitled to have the best and most appropriate accommodations and reside with those relatives who are best able to take care of them.

2. The parents of the children have been divorced for over three years:

(a) The father is presently unmarried and is in the military service of the United States and unable to have the permanent custody of the children. However, he does have the companionship of the children when he is home on furlough or military leave of absence.

(b) The mother is married to a second husband who has no legal authority over the children, but who has assumed to discipline them by means which we shall consider later.

(c) The mother and her present husband apparently receive a United States Army Allotment payable out of the salary of the father of the children which should be used for the maintenance of the children. The evidence as referred to by the mother and her present husband relative to the amount of these funds which has been used for the needs of the children is vague and indefinite.

(d) The home of the mother and her present husband is considerably limited for space and for sleeping accommodations for the mother, her present husband, their three children and the two children who are the principals in this proceeding.

(e) The testimony of the mother is somewhat vague and indefinite regarding the furnishing of clothing for the children. It is admitted that a considerable quantity of the clothing has been supplied by the paternal grandparents, relators, or plaintiffs in this proceeding.

3. The home of the paternal grandparents, the petitioners, or relators in this proceeding, is one which is in a good and satisfactory neighborhood, and which

has ample space, including separate rooms for the two children, is near the school where the children will attend, and is the home of the father of these children, where he resides on the occasions of his leave of absence from his military duties, and where he will enjoy the companionship of his children.

4. Considerable testimony was presented as to the methods used and the means employed by the mother in the matter of the disciplining of the children. The petitioners charge that the respondents have used excessive and cruel treatment of spanking and beating at least one of the children, Benjamin. The respondents, at least the mother, admit in their testimony that she and her present husband have beaten Benjamin with a paddle. A reputable physician, Joseph M. Brill, M.D., was called and testified, the report commencing on page 3 of the notes of testimony, to the effect that when he examined Benjamin, this child had bruises over both buttocks and on the posterior aspect of both thighs. There were blue marks on both buttocks and further down on both sides. The doctor also testified that in his professional opinion as a physician the condition of the child was a trauma such as would be caused by a whipping or beating. The physician also testified that he listened to the child's heart and chest and the child had a systolic heart murmur.

In fact, the mother and her present husband admitted in their testimony that they used a "paddle" on the child to make him obey. The admissions of the respondents, together with the testimony of other witnesses, indicate an unnecessary degree of violence and injurious treatment to the two children for the purpose of disciplining them.

5. It appears that these parties are communicants of the Ukranian Orthodox Church. There is no certainty that the mother and her present husband have any religious affiliation whatsoever, and the mother re-

plied to a question submitted by the hearing judge to the effect that "she has no religion at the present time." Apparently she depended upon the grandparents to take the children to Sunday School and church; and, upon further inquiry by the hearing judge, the mother replied that she had no desire or intention to see that the children be required to attend religious services in the Ukranian Orthodox Church or any other church or place of worship, and she stated that she could take care of these children rather than have them go to church.

6. The Rector of the Ukranian Orthodox Church in the City of Chester appeared and testified to the splendid character and reputation of the grandparents and the attitude and behaviour of both children, including the times when they attended the Sunday School and church with their grandparents.

The court has carefully analyzed and considered all of the testimony submitted at the hearing in this matter and reached the conclusion that it would be well-nigh disastrous to permit the natural mother and her present husband to have the custody of these children. The court is convinced unqualifiedly that the petitioners, being the paternal grandparents of the children, have shown themselves able to take care of these children, upon the occasions when they have had temporary companionship in the nature of visitation rights, and they have unselfishly furnished the children with most of their clothing and necessities out of their own funds. The accommodations of the home of the petitioners are eminently satisfactory.

The hearing judge is swayed only by the facts as they have been developed from the testimony produced.

To summarize, the hearing judge is unalterably convinced that:

1. The natural father of the children is unable to have the general custody of his children by reason of

the fact that presently he is serving in the military service of the Nation, but he is able to be with them during the occasions when he has leave of absence and lives with his parents in their home in Delaware County;

2. The mother is unfit to have the general custody of the children, for a number of reasons, viz., (a) the home where she resides is not in the best type of neighborhood, there is an insufficiency of bed rooms and other accommodations in her home to enable the two children to be cared for properly, (b) although there is no direct testimony of the manner of the mother toward her other three children, born to her by her present husband, there is an abundance of evidence establishing the facts that she and her present husband have used cruel and violent means of punishing the two children involved in the present litigation, (c) there was testimony to the effect that the mother's husband, having no relationship with the two children, has used unnecessary force and cruel beatings of the children under the title of "punishment" and "efforts to teach discipline and proper behavior" to the children, (d) the mother and her husband receive military allotment payments deducted from the pay due the natural father of the children, and at the same time accept a considerable quantity of clothing from the grandparents, the petitioners, and the quantity of clothing furnished by the mother is very indefinite and unsatisfactory as recited by the mother at the hearing;

3. The paternal grandparents have a perfectly satisfactory home with ample space for each child to have a separate room, with no other persons with the exception of the time the father makes his visits there with his children and his parents. There has been no indication whatever that the grandparents are not able to discipline the children properly, no violence whatever and no misconduct on the part of the children;

4. The grandparents make it a point to see that the children attend their church regularly and that they enjoy doing so each Sunday. The mother frankly informed the hearing judge that "she has no religion", she does not need church or Sunday School for the children because she can discipline them and raise them herself without religion.

For the reasons stated, the court entered an order awarding the custody of the two children to Benjamin W. Stipe, Jr., and Anna Stipe, his wife, the petitioners in this proceeding and the grandparents of the children. The court is also of the opiinon that the mother should be entitled to short periods of time, not more frequently than once a week, when she would have the right of companionship of the children.